# Exhibit A

# COMMONWEALTH OF VIRGINIA



ARLINGTON CIRCUIT COURT
Civil Division
1425 NORTH COURTHOUSE RD
ARLINGTON VA
(703) 228-7010

Summons

To: FRANCISCO DURAN
SUPERINTENDENT OF ARLINGTON
PUBLIC SCHOOLS
2110 WASHINGTON BLVD.
ARLINGTON VA 22204

Case No. 013CL21000583-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, March 05, 2021

Clerk of Court: PAUL F. FERGUSON

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR ARLINGTON COUNTY

**VICTOR O'NEILL STUDIOS, LLC,**

**Plaintiff,**

v.                                                    CASE NO. __CL21- 583__

**ARLINGTON SCHOOL BOARD**
Serve:
Monique O'Grady
Chairman of Arlington School Board
2110 Washington Blvd.
Arlington, VA 22204

**FRANCISCO DURÁN,**
**SUPERINTENDENT OF ARLINGTON,**
**PUBLIC SCHOOLS,**
Serve:
Francison Durán
Superintendent of Arlington Public Schools
2110 Washington Blvd.
Arlington, VA 22204

**NAACP ARLINGTON BRANCH 7047 OF THE**
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT**
**OF COLORED PEOPLE,**
Serve, registered agent:
Cogency Global Inc.
250 Browns Hill CT.
Midlothian, VA 23114

**S. SYMONE WALKER**
Serve:
108 N. Liberty St.
Arlington, VA 22203

**And**

**SHERRICE L. KERNS.**
Serve:

Anthony A. Damiani, Esquire
Damiani & Damiani, P.C.
604 Cameron Street
Alexandria, Virginia 22314
p(703)548-1800
f(703)548-1831

627 S. Walter Reed Dr.
Arlington, VA 22204

**Defendants.**

## COMPLAINT

Comes now the Plaintiff, Victor O'Neill Studios, LLC, by and through its counsel, Damiani & Damiani, P.C., and for its Complaint against the Defendants, Arlington School Board, Francisco Durán, Superintendent of Arlington Public Schools, NAACP Arlington Branch 7047 of the National Association for the Advancement of Colored People, S. Symone Walker and Sherrice L. Kerns, alleges and states as follows:

1. Plaintiff Victor O'Neill Studios, LLC is a Virginia limited liability company with its principal place of business at 7601 Lewinsville Road, Suite 200 McLean, VA 22102 ("VOS"). VOS regularly does business in Arlington County.

2. Defendant Arlington School Board is a school board vested with the duty to supervise the operations of the public school system of Arlington County ("Board").

3. Defendant Francisco Durán is the Superintendent of Arlington Public Schools ("Durán").

4. The NAACP Arlington Branch 7047 of the National Association for the Advancement of Colored People is a branch of the National Association for the Advancement of Colored People, a non-profit membership organization dedicated to eradicating race-based discrimination ("NAACP").

5. At all relevant times, S. Symone Walker was Co-Chairman of the Education Committee of NAACP 7047 ("Walker").

2

6. At all relevant times, Sherrice L. Kerns was Co-Chairman of the Education Committee of NAACP 7047 ("Kerns").

7. Since all parties have deep ties to Arlington County and all defendants reside or regularly do business there, jurisdiction and venue lay in this Court pursuant to Virginia Code §§ 8.01-328.1 and 8.01-261.

8. VOS is a small, award winning, family-owned business that has provided photography and photography related services to Arlington County schools for decades. It does not, has not and shall not discriminate on the basis of race, color, religion (creed), gender, gender expression, age, national origin, disability, marital status, sexual orientation, or military status, in any of its activities or operations. From Senior pictures to yearbooks, VOS has captured treasured memories for thousands of Arlington County families over the years.

9. In April 2020, VOS contacted long-time customer Yorktown High School in Arlington, Virginia ("Yorktown") to see whether the school needed any photography or photography related services.

10. On or about April 29, 2020, "Cheryl," an agent of Yorktown and VOS's contact at Yorktown, informed VOS that Yorktown would be interested in purchasing a banner to celebrate the Class of 2020.

11. On or about April 30, 2020, out of the available products offered by VOS, Yorktown expressed interest in purchasing a 6' x 15' banner that it intended to stake out in the front lawn at Yorktown.

12. Yorktown directed that the banner be a mosaic made up of Yorktown Senior portraits with some text such as "Celebrating the Yorktown Class of 2020" and the school logo in the background.

13. Yorktown provided VOS with an example of what it wanted in the form of a mosaic collage that had been approved and used by Yorktown in the recent past.

14. VOS discouraged a mosaic for the banner and suggested a simple banner with all of the senior portraits that would emphasize the students, but Yorktown directed the creation of a mosaic.

15. A mosaic is a picture made up of colored tiles that at a distance shows the overall picture, while up close shows the detail in the tiles comprising the picture. Yorktown directed the creation of a mosaic made up of Yorktown Senior portraits. Yorktown had the ultimate control and final approval authority for the design on the mosaic.

16. On May 1, 2020, VOS sent Yorktown a proof of the banner for Yorktown's review and approval.

17. That same day, Yorktown called the proof "a good start" and Cheryl forwarded it to her colleagues at Yorktown for thoughts and discussion.

18. On May 6, 2020, after not hearing anything, VOS contacted Cheryl and asked whether she had "heard anything about the mosaic and any needed changes."

19. On May 7, 2020, Yorktown directed VOS to make several changes to the draft banner design, including the placement and color of certain letters.

20. On May 7, 2020, VOS responded to Yorktown's comments and returned an updated draft, proof #2, to Yorktown.

21. Later that day, Yorktown directed additional changes to the banner design and VOS submitted them in the form of an updated draft, proof #3.

22. On May 8, 2020, Yorktown directed additional changes to the banner design. VOS made the changes in two separate designs and returned updated drafts, proof #4 and #5, that same day.

23. On May 8, 2020, Yorktown again directed changes to the banner design and again VOS made the changes quickly and sent an updated draft, proof #6.

24. On May 8, 2020, Yorktown again directed changes to the banner design and again VOS did what its customer directed, made the changes, and returned an updated draft, proof #7.

25. Late in the day on May 8, 2020, Yorktown approved its banner design and ordered it.

26. On May 12, 2020, Yorktown's banner was shipped, and Yorktown received it on May 14, 2020.

27. On May 15, 2020, Yorktown contacted VOS telling VOS that the banner looked "awesome!" However, Yorktown examined the student picture mosaic extremely carefully and noted that some of the student pictures in the mosaic had been repeated an excessive number of times. Yorktown made no other observations or comments about the mosaic.

28. VOS explained that the mosaic was assembled by a computer program, VOS had 445 senior pictures, but 3100 photos were needed to make the requested pattern, so the computer program duplicated student pictures to achieve Yorktown's banner mosaic design.

5

29. Thereafter, Yorktown hung the banners in the lawn at Yorktown High School.

30. On May 19, 2020, VOS received an email from Cheryl with Principal Michael Krulfield copied containing the following: *"The Yorktown banners have been up for five days and while the design is beautiful, we are getting numerous reports that pictures of students who had their portraits taken are missing.*

*I had mentioned to you last Friday our concern that we noticed certain student pictures were repeated 20+ times. I actually counted seven random students in the 2,968 pictures and found these were repeated 42, 54, 69, 49, 48, 42 and 32 times. If there were 445 pictures used as you said, it seems like they would be repeated just 6-7 times.*

*We will need the banners re-done with ALL 445 senior portraits printed on them or we are going to slight and disappoint many of our seniors. I appreciate your help in getting this done as soon as possible.*

31. VOS explained to Yorktown that the mosaic was generated by third-party computer software that is automated. The software used the folder of Yorktown Student class photographs and placed the photos where they fit best based on the types of color in a particular photo and the design of the mosaic, while also ensuring no one is placed next to themselves. The software replicated and placed the student photographs based on the mosaic Yorktown designed. This entire process is automated according to the software and VOS explained it had limited ability to alter software settings.

32. Nonetheless and notwithstanding the 7 proofs and the conversations specifically dealing with Yorktown's careful examination of the mosaic at the time of

6

acceptance, VOS agreed to do what it could to change Yorktown's mosaic and sent Yorktown another proof, proof #8.

33. Yorktown examined the new mosaic carefully, noting how many times certain students were replicated, and accepted the new mosaic with enthusiasm.

34. At 1:51 PM on May 20, 2020, VOS received an email from Yorktown containing the following: "*HOLD THE PRESSES! We noticed and several people brought to our attention that the students of color seem to be under the dark borders of the background and not in the lighter spaces such as the sky. (look closely at the far right border of the banner in the darkness of the building and also under the black outline of the logo). This is likely a result of the program, but we need to have all picture placements equal in regards to color, even if it has to be done manually. Please call me at 571-329-1611 if you need me to explain. I tried to call you but expect you aren't in the office.*"

35. Apparently, after many reviews and iterations, and Yorktown's final approval process, Yorktown now noticed that the design it selected, approved and directed the printing of resulted in the automated computer placement of darker portraits to form the darker areas and lighter portraits to form the lighter areas of the overall picture in its mosaic, which, of course, is what a mosaic is.

36. Yorktown's mosaic, as directed, approved, and controlled by Yorktown, was merely a computer software generated image that resulted from an objective computer evaluation of the color profiles of a collection of photographs, at the individual pixel level without regard to what the photograph depicts, and then a positioning of those photographs into an image, by the software, which, when seen from a distance, shows the

7

image selected by Yorktown. The only human involvement in the process was the selection of the mosaic design by Yorktown, against the advice of VOS, and approval of the final banner, also done by Yorktown.

37. In response to the May 20, 2020 email, VOS explained to Yorktown that the third-party software used the overall color of the picture, primarily dependent on what students were wearing, to determine picture placement in the mosaic and suggested, as VOS had done initially, alternatives to a mosaic design to emphasize the individual photographs of the seniors rather than the overall image of the school.

38. Late in the day on May 20, 2020, VOS sent the alternative designs discussed over the phone to Yorktown.

39. On May 28, 2020, notwithstanding the facts set forth above, Yorktown terminated its contract with VOS because "*the [banner] we received did not meet our expectations and has offended our school and wider community,*" and further requested VOS to "*apologize to our community for the hurtful banner that you created.*" These allegations are absurd.

40. In essence, Yorktown used VOS as a scapegoat for the mindless and ultimately groundless public backlash over the banner, notwithstanding that the mosaic was created at Yorktown's request, against VOS's advice, at Yorktown's direction, and entirely subject to Yorktown's approval.

41. Yorktown did not give VOS an opportunity to be heard about the "Yorktown Banner Incident" before terminating its contract with VOS notwithstanding several requests from VOS.

8

42. Upon information and belief, the NAACP, Walker and Kerns sent a letter to the Defendants Board and Durán, seeking to have VOS dismissed from the County as a vendor. At no time did these defendants contact or seek to contact VOS about the Yorktown banner nor did they make any attempt to educate themselves about or to understand the computer software underlying the generation of the banner Yorktown designed. This was first discovered in October 2020 in documents produced in response to VOS's Freedom of Information Act Request.

43. On June 10, 2020, the NAACP, Walker and Kerns demanded by email that the Board and Durán dismiss VOS as an Arlington County vendor and suggesting, without any knowledge about the genesis of the banner, that VOS did not have "the values embraced by Arlington Public Schools." This was discovered in October 2020 in documents produced in response to VOS's Freedom of Information Act Request.

44. Upon information and belief, the Board, Durán, NAACP, Walker and Kerns discussed VOS, the Yorktown banner and the dismissal of VOS from doing business with Arlington Public Schools and the termination of existing contracts with VOS (as used herein, "Arlington Public Schools," includes the individual schools as well as the school system as a whole).

45. On July 28, 2020, Durán, on behalf of the School Board, with no factual, legal or any other justification whatsoever, officially terminated or directed the termination of all contracts between Arlington Public Schools and VOS and permanently prohibited all schools in Arlington County from doing any further business with VOS ("Official and Permanent Ban"). No notice of the ban was ever given to VOS, rather the

9

Official and Permanent Ban was discovered in October 2020 in documents produced in response to VOS's Freedom of Information Act Request.

46. Neither the Board nor Durán gave VOS notice of their intent to terminate all of VOS's contracts with Arlington Public Schools or the Official and Permanent Ban, rather VOS learned of the situation after contacting another long-time customer in the Arlington public school system.

47. VOS had valid, enforceable contracts for the provision of photography services with Arlington Tradition School, Barret Elementary School, Claremont Immersion School, Discovery Elementary School, Long Branch Elementary School, McKinley Elementary School, Nottingham Elementary School, Oakridge Elementary School, Randolph Elementary School, Taylor Elementary School, Dorothy Hamm Middle School, Swanson Middle School, Williamsburg Middle School, Wakefield High School, Washington-Liberty High School and Yorktown High School (collectively "APS School Contracts").

48. All of the APS School Contracts were breached and cancelled as a result of the actions of the Defendants.

49. Upon information and belief, the Board and Durán conspired with several Arlington County residents comprising members of various school PTAs to maliciously and willfully injure VOS's business reputation and business interests.

50. The Board's and/or Durán's official action taken under color of state law and authority in terminating all of VOS's contracts with Arlington Public Schools and banning VOS from doing any further business with Arlington Public Schools without first being given an opportunity to be heard has unlawfully deprived VOS of its rights

without due process of law in clear violation of the 14th Amendment to the United States Constitution, Article 1, Section 11 of the Constitution of Virginia and 14 U.S.C. § 1983 (1976, as amended).

51. In contravention of rights guaranteed under the 14th Amendment to the United States Constitution, Article 1, Section 11 of the Constitution of Virginia and 14 U.S.C. § 1983, neither the Board nor Durán offered VOS an opportunity to be heard before officially terminating all contracts between Arlington Public Schools and VOS and banning VOS from doing business with any Arlington public school.

52. The actions of the NAACP, Kerns, Walker, the Board, and Durán in accusing or suggesting that VOS designed the Yorktown Banner in a manner that was unlawful, immoral, racist, or contrary to the desires, direction or approval of Arlington County schools and Yorktown is an intentional misrepresentation that has severely and permanently damaged VOS's business reputation in the community and violates public policy.

53. The NAACP, Kerns, Walker, the Board, Durán and members of various Arlington public school PTAs conspired together to injure VOS's business and business reputation willfully and maliciously in violation of Virginia Code §18.2-499.

54. The actions of the NAACP, Kerns and Walker in attempting to procure the participation, cooperation and agreement of the Board and Durán to ban VOS from doing business with Arlington County Schools is a clear violation of Virginia Code § 18.2-499.

55. The actions of the Board and Durán in attempting to procure the participation, cooperation and agreement of individuals comprising various Arlington

11

Public School PTAs in terminating contracts with VOS and suggesting that VOS had done something unlawful, immoral, or wrong is a violation of Virginia Code § 18.2-499.

56.   The actions of the Board and Durán in terminating the APS School Contracts are breaches of contracts, for which the Board and Durán are liable.

57.   The breaches of the APS School Contracts caused VOS to incur financial and economic damages exceeding $500,000 and resulted in a reduction of VOS's workforce.

58.   The unlawful and unjustified Official Ban and the business conspiracy that inspired it has caused VOS to incur financial damages exceeding $500,000 (which has resulted in VOS employees losing their jobs because of loss of business), and has permanently and unfairly damaged VOS's business reputation, which had been built over 50 years of operation.

WHEREFORE, VOS demands judgment against the defendants for breach of contract, denial of due process and business conspiracy under Virginia Code § 18.2-499, in the amount of $500,000 in compensatory damages and $1,500,000 in damages pursuant to Virginia Code § 18.2-500, plus costs and interest on the principal amount or a portion thereof.

Respectfully submitted,
Victor O'Neill Studios, LLC

By Counsel:

Anthony A. Damiani (VSB #40862)
Damiani & Damiani, P.C.
604 Cameron Street
Alexandria, VA 22314
(703) 548-1800
(703) 548-1831 (Facsimile)
E-Mail: tony.damianilaw@gmail.com

MAR 0 9 2021

Cpl T Bodrick S814
☐ In Person
☐ In Place Of Business
☐ Family
☐ Posted